## Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Robert Wiener, Appellant.

Argued January 8, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Rita L. Bernstein,* with her *Thomas G. Linsley,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, January 27, 1976:

The appellant, Robert Wiener, went to work for Commonwealth's Bureau of Employment Security as a claims investigator in August of 1974. On Friday, September 27, 1974, Mr. Wiener's superior admonished him for excessive absenteeism. During the course of this discussion, Mr. Wiener asked to be excused on Monday, September 30, 1974, in order to keep a dental appointment at 1:00 o'clock P.M. on that day. His superior testified that he approved a one-half day absence for this purpose. Mr. Wiener did not report to work at all on Monday, September 30, 1974, nor did he appear at his place of employment on Tuesday, October 1, or Wednesday, October 2. He finally appeared at the office on Thursday, October 3, 1974 at about 4:30 o'clock P.M. and was then discharged. Mr. Wiener was absent nine of the 29 days of his employment with the Bureau.

The Bureau of Employment Security, a referee and the Board of Review all determined that Mr. Wiener had been discharged from his employment for willful misconduct and was thus ineligible for unemployment compensation by Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Mr. Wiener has appealed, stating the question involved as:

"Should appellant, who was excused for a dentist appointment, who called the employer when he was missing work because of religious reasons, and who was discharged from employment for absenteeism, be disqualified from receiving Unemployment Compensation benefits due to willful misconduct connected with his employment?"

We have examined the record and are satisfied that the findings of the referee that the claimant was given permission to take one-half day off on September 30, 1974 but took not only all of that day but all of the three following days and was discharged for excessive unauthorized absenteeism are fully supported in the record, and that the Compensation authorities' conclusion that Mr. Wiener is ineligible for benefits because he was discharged for willful misconduct was the only legal determination which could reasonably have been made. Mr. Wiener's supervisor testified that the request and permission for the September 27, 1974 dental appointment was for one-half a day. Mr. Wiener testified that he talked by telephone with another superior on Tuesday, October 1, 1974, and that he informed this person that he, Wiener, would observe the Jewish holidays on that day and Wednesday and that he had another dental appointment on Thursday, October 3, 1974. It is significant that Mr. Wiener did not testify that the superior whom he allegedly advised of his plans for Tuesday, Wednesday and Thursday of the first week of October 1974, had approved his absences.

ORDER

AND NOW, this 27th day of January, 1976, it is Ordered that the appeal of Robert Wiener be dismissed and the action of the Unemployment Compensation Board of Review be affirmed.